RECEIVED
IN ALEXANDRIA, LA.
NOV 18 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN JEFFERY DAVIS,<br>　　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV08-1633-A |
| VERSUS | |
| FEDERAL BUREAU OF<br>PRISONS, et al.,<br>　　　　Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court are cross-motions for summary judgment (Docs. 18, 21) filed by both parties.

John Jeffery Davis ("Davis") filed a complaint against the United States of America[1] pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.[2] Davis alleges that he has been denied medical care while incarcerated in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock") from November

---

[1] Davis included several individual defendants in his complaint. However, a claim against individual federal officers for monetary damages must be made pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). Therefore, Davis' federal tort action again those defendants has been dismissed (Docs. 8, 9).

[2] Davis' claim is fully exhausted pursuant to 28 U.S.C. § 2401(b). Davis provided notice of his claim to the BOP by filing an administrative tort claim with the BOP using a standard form (Doc. 1, Ex.); that claim was denied on May 1, 2008 (Doc. 1, Ex.). Davis also pursued the prison grievance process through all steps (Doc. 1, Exs.). Davis then timely filed this suit on October 30, 2008.

2005 through January 2007. For relief, Davis asks for a jury trial and monetary damages.

The USA answered the complaint (Doc. 17). Davis filed a motion for summary judgment (Doc. 18), to which the USA filed a response (Doc. 20) and Davis replied (Doc. 23). The USA also filed a motion for summary judgment (Doc. 21), to which Davis responded (Docs. 25, 26) and the USA replied (Doc. 27). The parties motions are now before the court for consideration.

## Law and Analysis

### Davis' Motion for Summary Judgment

Davis filed a "motion for summary judgment" which actually asks for a default, since he requests entry of judgment in his favor due to defendant's failure to answer the complaint within twenty days, as ordered by the court.

First, it is noted that the defendant USA should have been given sixty days to answer (instead of twenty), pursuant to Fed.R.Civ.P. rule 12(a)(2). In any event, the USA filed an answer within twenty days of service of the complaint on July 27, 2009 (Docs. 12-17). Therefore, defendant's answer is timely and Davis' motion for a "summary judgment" should be denied.

### Defendant's Motion for Summary Judgment

Davis contends he was denied medical care at USP-Pollock for an episode of unconsciousness due to abdominal pain on November 27, 2005, and for abdominal pain, constipation, abnormal stools, and

vomiting from November 27, 2005, through January 2007.

The FTCA provides in part that, with respect to tort claims, the "United States shall be liable...in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Because a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," the substantive law of Louisiana governs Davis' tort claims for denial of medical care. 28 U.S.C. § 1346(b); Charles v. United States, 15 F.3d 400, 402-403 (5th Cir. 1994).

Davis alleges both the intentional tort of denial of medical care and the negligence tort of medical malpractice. Davis contends that, while he was housed in the Special Housing Unit ("SHU") in USP-Pollock on November 17, 2005, at about 7 p.m., he suffered such intense abdominal pain that he briefly lost consciousness (Doc. 1). When his consciousness returned, he saw his cell mate banging on the cell door to get the attention of a guard, but no one ever came (Doc. 1). At about 8:30 p.m., Officer Bordelon and Nurse Amadinger passed out medications in the SHU; Davis and his cell mate told them about Davis losing consciousness due to abdominal pain, to which Amadinger replied he needed to sign up for sick call and see the physician's assistant (Doc. 1).

Davis contends he filed numerous "emergency" sick call requests over the following six weeks, while he continued to endure excruciating pain, abnormal bowel movements, constipation, and

strange colored stools (Doc. 1). Davis alleges he did not see the PA until January 13, 2006, at which time he was examined via verbal questioning and prescribed medication for constipation (Doc. 1). Davis further alleges that, after taking the medication once, he vomited "blood and fecal matter" (Doc. 1). Davis contends that, when he told Nurse Amadinger and Nurse Frasier about the vomiting, they told him it was a "side effect" that would go away in a day or two. Davis contends he continued taking the medication for two more days, during which he experienced severe vomiting, swelling, and discomfort, then stopped taking it. Davis filed additional sick call requests and was seen on February 17, 2006 (Doc. 1). Davis complains he was denied an MRI by a Dr. Edith Tan, and was forced to endure pain, hair loss, difficult bowel movements, abdominal bloating, and fear (Doc. 1). Davis also contends defendant denied him medical care from an "outside specialist" (Doc. 9).

Defendants argue that Davis has not provided the opinion of an expert witness to prove his case, as required for a medical malpractice action in Louisiana, pursuant to La.R.S. 9:2794(A). The Louisiana Supreme Court has held, in <u>Pfiffner v. Correa</u>, that a plaintiff can prevail in a medical malpractice action when he does not introduce an expert witness to testify as to the applicable standard of care, its breach, and causation. As a general rule, a plaintiff can prevail under such circumstances when

a defendant/physician or a defense expert testifies regarding the standard of care, and the objective evidence at trial is such that a lay jury can infer negligence from the facts. <u>Pfiffner v. Correa</u>, 04-0924, 04-0963, 04-0992 (La. 10/17/94), 643 So.2d 1228, 1230. Therefore, it is not necessary for Davis to have an expert medical witness, particularly at this point in the case; since he is proceeding in forma pauperis, an expert will be appointed to assist the court if and when it becomes necessary. Defendant's argument that Davis' case should be dismissed because he does not yet have an expert medical witness is meritless.

However, it is clear that Davis has failed to state a negligence claim for medical malpractice against anyone. Under La.R.S. 9:2794(A), Davis must establish the following elements to prove tort liability for medical malpractice by a physician : (1) the standard of care, (2) a breach in the standard of care, and (3) a causal connection between the alleged negligence and the injuries resulting therefrom. The standards governing the actions of medical professionals by legislative fiat are established by custom, and as medical professionals, nurses are subject to the same standard as doctors. <u>Estate of Adams v. Home Health Care of Louisiana</u>, 99-CA-1263 (La. App. 5th Cir. 7/25/2000), 767 So.2d 855, judgment set aside on other grounds, 00-C-2494 (La. 12/15/2000), 775 So.2d 1064; <u>Levron v. State through Dept. of Health & Hospitals</u>, 94-CA-2094 (La. App. 4th Cir. 4/24/96), 673 So.2d 279,

285, writs den., 96-C-1684, 96-C-1723 (La. 10/4/96), 679 So.2d 1387, 1391; Donaldson v. Sanders, 94-1366 (La. App. 3d Cir. 7/18/95) 661 So.2d 1010, writ granted, 95-C-2940 (La. 2/28/96), 668 So.2d 363.

The court first notes that Davis has not alleged or proven a breach in the standard of medical care by anyone to set forth a negligence claim. Davis contends he was not provided diagnostic tests he requested. However, defendants show in their statement of undisputed facts and Davis' medical records (Doc. 21) that, while at USP-Pollock, Davis has been diagnosed and treated for constipation, flatulence, and hemorrhoids. There is no evidence that Davis has ever been diagnosed with any other gastric complaint, either before or after his incarceration at USP-Pollock. In 2006 and 2007, Davis had a negative test for H pylori bacterium, two abdominal x-rays which were normal, two abdominal ultrasounds which were normal, and a colonoscopy which was normal. Davis has not alleged that any of the tests given at USP-Pollock were inadequate, that the health care professionals who ordered and/or administered them erred in any way, that he is suffering from a specific medical problem that they negligently failed to diagnose, or that he suffered any harm whatsoever as a result of the medical care provided to him, as required to state a claim for medical malpractice under La.R.S. 9:2794(A)(3). Davis has failed to show that he suffered any injury as a result of the medical care he

received or from lack of medical care. Therefore, Davis has failed to allege a claim for negligent medical care.

Davis also claims he was intentionally denied medical care by Bordelon and Amadinger on November 27, 2005, after Davis and his cellmate reported Davis' loss of consciousness.[3] Davis contends Amadinger told him to file a request to see the doctor, then both Bordelon and Amadinger walked away and did not report that Davis had reported medical problems. Defendant has not submitted any affidavits or other appropriate summary judgment evidence from Bordelon and Amadinger to refute Davis' contention that he was intentionally denied medical care.[4] It is noted, however, that there is some support for Davis' claim in the record; Davis' medical records show that, on January 4, 2006 and January 12, 2006, Davis stated that he requested medical assistance on November 28, 2005 (Doc. 21, Ex. pp. 59, 61).

However, it is again apparent that Davis has not stated a

---

[3] Under the Eighth Amendment, prison officials must ensure that inmates receive adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994).

[4] Defendant relies on the fact that Bordelon and Amadinger did not report Davis' medical problem, apparently assuming the court will take that as proof that Davis did not make such a request (Doc. 21, Def. Brief p. 13). The affidavit of Commander Spencer Smith, the Health Service Administrative for the Federal Correctional Complex in Pollock, Louisiana, which includes USP-Pollock, shows neither Bordelon nor Amadinger reported Davis' alleged November 27, 2005, request for medical care (Doc. 21, Ex. 2). Smith states the request is not recorded in the SHU log book, the Daily Lt.'s logs, or the medical records, nor was a medical emergency reported directly to Commander Smith.

7

claim for intentional denial of medical care. Davis has not shown that he had a medical condition that required immediate attention, that any delay in treatment worsened a medical condition, or that he suffered any injury whatsoever as a result of medical care not provided to him on November 27, 2005.

Since there are no genuine issues of material fact which would preclude a summary judgment on any of the issues in this case, defendant's motion for summary should be granted and Davis' action should be dismissed.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the USA's motion for summary judgment (Doc. 21) be GRANTED, that Davis' motion for summary judgment (Doc. 18) be DENIED, and that Davis' action be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED**

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 17 day of November, 2009.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE